**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BESOURO ABDUL ZAGON, | ) | Docket no. 2:11-cr-65-GZS |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON MOTION TO AMEND RESTITUTION ORDER**

Before the Court is the Government's Motion to Amend Restitution Order (Docket # 68). For reasons briefly explained herein, the Court DENIES the Motion.

On February 15, 2012, the Court sentenced Defendant on various charges stemming from his theft of the identity of Earl Benjamin, Jr. Exercising his rights under 18 U.S.C. § 3771, Mr. Benjamin appeared at sentencing and spoke at length about the impact this crime had on his life. Prior to the entry of judgment, the Court received no requests to award restitution to Mr. Benjamin. As a result, Mr. Benjamin is not awarded any restitution in the February 15, 2012 Judgment (Docket # 67). However, the sentence did order restitution totaling $198,818.70 to five separate payees. Each of the payees listed is a governmental entity that was defrauded in connection with Defendant's crimes.

Apparently, Mr. Benjamin had completed a declaration of loss, dated November 5, 2011, (Gov't Ex. A (Docket # 68-1)) and had provided it to the Government in advance of sentencing. The Government now admits that it erred in not forwarding these documents to the Court and apologizes for its error. The Government further represents that Mr. Benjamin affirmatively inquired about whether he was entitled to any restitution after the sentencing hearing, which

prompted the Government to file the pending motion on February 27, 2012.[1]  (See Gov't Mot. (Docket # 68) at 2.)  The Government now argues that Federal Rules of Criminal Procedure 35(a) would allow the Court to amend the judgment and include restitution to Mr. Benjamin totaling $6,115.50, which the Government believes is the amount of restitution that Mr. Benjamin was entitled to under the relevant provisions of 18 U.S.C. § 3662A.[2]

In the Court's assessment, the Government has not demonstrated that the Court committed a "clear error" in failing to include an additional $6,115.50 of restitution to be paid to Mr. Benjamin. See, e.g., United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009) ("[T]he scope of "clear error" correctable under Rule 35(a) is extremely narrow. . . ."[C]lear error" under the Rule requires some reversible error at the initial sentencing.").  In fact, on the record before the Court on February 15, 2012, it would have been clear error for the Court to award Mr. Benjamin restitution in the absence of any evidence supporting restitution in a specific amount.

The Defendant's Response (Docket # 71) includes multiple arguments challenging the particulars of the Government's restitution request and also represents that "[D]efendant elected not to cross examine Mr. Benjamin in large part because his comment only went to an expression of the turmoil he endured and not to any itemized claim for losses appropriate for restitution." (Def. Response at 2.)  In short, it is far from "clear" that the Court would have ultimately awarded

---

[1] The Court notes that the Motion was filed within the fourteen day time limit proscribed by Federal Rule of Civil Procedure 35(a).  However, the Motion was not brought to the Court's attention until March 19, 2012 at which time the Court granted Defendant additional time to respond to the motion without objection and for good cause.  Under the fourteen day time limit, it may well be that this Court's "power to alter the sentence [has] expired."  See United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993) (quoting United States v. Turner, 998 F.2d 534 (7th Cir. 1993)).  However, neither party argued this point.  Therefore, the Court proceeds on the assumption that the time lost to briefing the Government's timely motion does not foreclose the relief requested.

[2] To the extent that the Government alternatively cited Federal Rule of Criminal Procedure 36 in its Motion, Rule 36 does not serve as a procedural vehicle for the amendment sought by the Government.  The facts do not present a clerical error.  See, e.g., Wright & Miller, Federal Practice & Procedure § 641 (2011).

$6,115.50 in restitution to Mr. Benjamin had the Government presented the information at sentencing that it now has belatedly presented to the Court.

The Court acknowledges that unlike other elements of a sentence, there is some statutory authority allowing for the amount of restitution to be determined (or increased) after sentencing. See 18 U.S.C. § 3664(d)(5);  see generally United States v. Dolan, 130 S. Ct. 2533 (2010) (discussing the time limits for determining restitution).[3]  Unfortunately for the victim in this matter, this case does not fall within that statute.  First, the Court received no notice prior to or at sentencing that any victim's losses were "not ascertainable."  18 U.S.C. § 3664(d)(5).  Rather, at sentencing, the Court determined specific loss amounts for five victims and did not set any hearing date for the determination of other losses.  Second, the Government does not now suggest that Mr. Benjamin is a victim who has "subsequently discover[ed] further losses."  Id.  Ultimately, the record clearly establishes that Mr. Benjamin was a victim in this case.  The evidence now before the Court documents that Mr. Benjamin had ascertained his losses and provided that information to the Government well before sentencing.   Nonetheless, absent the ability to find that this case fits within any of the scenarios described in 18 U.S.C. § 3664(d)(5) or the "clear error" scenario of Rule 35, the Court regrettably concludes it has no authority to now award restitution to Mr. Benjamin.  For this reason, the Court DENIES the Government's Motion (Docket # 68).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of April, 2012.

---

[3] The Court notes that the Government did not cite 18 U.S.C. § 3664(d)(5) in support of its belated restitution request. Arguably, this case might have been more analogous to Dolan had the Government immediately sought an amendment of Zagon's judgment to have it track the Mandatory Restitution Act language of the Dolan judgment.  See Dolan, 130 S. Ct. at 2537.  Such an amendment would have established at least a 90-day deadline for a final determination of Mr. Benjamin's losses.  See id. at 2539 (holding that the 90-day deadline is only a "time-related directive").